[Cite as *State v. Larsen*, 2026-Ohio-3014.]

IN THE OHIO COURT OF APPEALS
FIFTH APPELLATE DISTRICT
ASHLAND COUNTY, OHIO

| | |
|---|---|
| STATE OF OHIO | Case No. 26-COA-004 |
| Plaintiff - Appellee | <u>Opinion and Judgment Entry</u> |
| -vs- | Appeal from the Ashland County Court of Common Pleas, Case No. 25-CRI-018 |
| TREVOR LARSEN | Judgment: Affirmed |
| Defendant - Appellant | Date of Judgment Entry: August 5, 2026 |

**BEFORE:** William B. Hoffman; Craig R. Baldwin; David M. Gormley, Judges

**APPEARANCES:** Christopher R. Tunnell, Ashland County Prosecuting Attorney, James B. Reese, III, Assistant Prosecuting Attorney for Plaintiff-Appellee; Adam M. VanHo, VanHo Law, for Defendant-Appellant.

*Hoffman, P.J.*

{¶1}    Defendant-appellant Trevor Larsen appeals the December 17, 2025 Judgment Entry entered by the Ashland County Court of Common Pleas, which sentenced him on one count of involuntary manslaughter after the trial court found him guilty plea following his change of plea to guilty.  Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2} On December 9, 2023, Appellant sold four pills to J.R. ("the Victim"). The Victim believed he was purchasing Percocet. After ingesting the pills, the Victim overdosed and subsequently died. Laboratory testing established the pills were N-desethyl Isotonitazine, a synthetic opioid which is 20 times more powerful than fentanyl.

{¶3} On February 13, 2025, the Ashland County Grand Jury indicted Appellant on one count of aggravated trafficking in drugs, in violation of R.C. 2925.03(A)(1), a felony of the fourth degree (Count 1); and one count of aggravated possession of drugs, in violation of R.C. 2925.11(A), a felony of the fifth degree (Count 2). Count 1 alleged the events occurred on or about December 8, 2023, through December 9, 2023. Count 2 alleged the events occurred on or about January 10, 2024. Both counts alleged the drug involved was N-desethyl Isotonitazine.

{¶4} Thereafter, on March 14, 2025, the Ashland County Grand Jury indicted Appellant on one count of involuntary manslaughter, in violation of R.C. 2903.04(A),(C), a felony of the first degree (Count One); one count of corrupting another with drugs, in violation of R.C. 2925.02(A)(3), a felony of the second degree (Count Two); one count of aggravated trafficking in drugs, in violation of R.C. 2925.03(A)(1), a felony of the fourth degree (Count Three); and one count of aggravated possession of drugs, in violation of R.C. 2925.11(A), a felony of the fifth degree (Count Four). The March 14, 2025 Indictment superseded the February 13, 2025 Indictment. Counts 1 and 2 alleged the events occurred on or about December 9, 2023, through December 14, 2023. Count 3 alleged the events occurred on or about December 8, 2023, through December 9, 2023. Count 4 alleged the events occurred on or about January 10, 2024. Counts 2, 3, and 4 alleged the drug involved was N-desethyl

Isotonitazine. Appellant appeared before the trial court for arraignment on March 27, 2025, and entered a plea of not guilty to charges set forth in the indictment.

{¶5} The trial court scheduled the matter for jury trial on May 27, 2025. Appellant filed a motion to continue, which the trial court granted, rescheduling the trial for October 28, 2025. Prior to the scheduled trial date, counsel for Appellant advised the trial court the parties had reached a negotiated plea. Appellant appeared before the trial court on October 16, 2025, withdrew his former plea of not guilty, and entered a plea of guilty to Count One of the Indictment, involuntary manslaughter. Upon motion of the State, the trial court dismissed Counts Two, Three, and Four. The trial court ordered a pre-sentence investigation. The trial court journalized Appellant's conviction via Judgment Entry filed October 17, 2025.

{¶6} The trial court conducted a sentencing hearing on December 15, 2025. Appellant read a letter he had written, expressing his remorse and accepting responsibility for his actions. M.S., the Victim's mother; K.R., the Victim's wife; M.H., the mother of N.H., one of the Victim's children; and J.H., the mother of M.H. and the grandmother of N.H. gave victim impact statements. Letters from family and friends of the Victim were read to the trial court. On the record, the trial court stated:

> The Court has received and reviewed that Pre-Sentence Investigation, and it does indicate an ORAS Score of 17, which is moderate, and I have reviewed the case history here and considered the statements of counsel and [Appellant], the character letters offered on behalf of [Appellant] as well as the statements today on behalf of the victim's family.

I have considered the principles and purposes of felony sentencing, including 2929.11 and 2929.12, as well as the seriousness and recidivism factors and guidance with respect to this level of offense.

Mr. Larsen, as has been pointed out, there are some things that do speak to your favor. * * * you do show remorse for these actions. You have no prior felony convictions, and you have accepted responsibility. The character letters received on your behalf do speak well of you. * * * Whether you are a good person or a bad person, people make bad decisions and those decisions have consequences. Consequences here are that a 26-year-old man died.

* * *

The Court in Sentencing must follow the overriding purposes and principles of Felony Sentencing which are to protect the public from future crimes by the offender and others, and to punish the offender in the mode of rehabilitation of the offender using minimum sanctions that the Court determines accomplish those purposes without imposing an unnecessary burden on State and Local Government resources. To achieve those purposes, the Court must consider the need for incapacitating the offender, deterring the offender and others from future crime and rehabilitating the offender and making restitutions of the victim of the offense or the public or other.

Felony Sentencing shall be reasonably calculated to achieve these overriding purposes and shall be commensurate with and not demeaning to the seriousness of the offender's conduct and impact upon the victim consistent with sentencing imposed for similar conduct.

In weighing these factors that the Court is required to weigh, I cannot ignore the seriousness of this offense.

\* \* \*

The Court is finding that Community Control is not mandatory here, and you are not a candidate for Community Control and it would be demeaning to the seriousness of the offense, and I am finding that the prison term is consistent with the purposes and principles of Felony Sentencing.

Transcript of December 15, 2025 Sentencing Hearing, pp. 28-31.

{¶7} Thereafter, the trial court imposed an indefinite term of imprisonment with a minimum of ten years to a maximum of fifteen years. The trial court memorialized Appellant's sentence via Judgment Entry filed December 17, 2025.

{¶8} It is from that judgment entry Appellant appeals, raising the following assignment of error:

APPELLANT'S SENTENCE WAS CONTRARY TO THE PRINCIPLES AND PURPOSES OF FELONY SENTENCING AND CONTRARY TO THE SENTENCING FACTORS ENUMERATED IN SECTIONS 2929.11 AND 2929.12 OF THE OHIO REVISED CODE.

I

{¶9} We review felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Roberts*, 2020-Ohio-6722, ¶ 13 (5th Dist.), citing *State v. Marcum*, 2016-Ohio-

1002. R.C. 2953.08(G)(2) provides we may either increase, reduce, modify, or vacate a sentence and remand for sentencing where we clearly and convincingly find either the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(L), or the sentence is otherwise contrary to law. *Id*., citing *State v. Bonnell*, 2014-Ohio-3177.

{¶10} When sentencing a defendant, the trial court must consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12. *State v. Hodges*, 2013-Ohio-5025, ¶ 7 (8th Dist.).

{¶11} "The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." R.C. 2929.11(A). To achieve these purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both. *Id*. Further, the sentence imposed shall be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact on the victim, and consistent with sentences imposed for similar crimes by similar offenders." R.C. 2929.11(B).

{¶12} R.C. 2929.12 lists general factors which must be considered by the trial court in determining the sentence to be imposed for a felony, and gives detailed criteria which do not control the court's discretion, but which must be considered for or against severity or leniency in a particular case. The trial court retains discretion to determine the most effective

way to comply with the purposes and principles of sentencing as set forth in R.C. 2929.11. R.C. 2929.12.

{¶13}  Nothing in R.C. 2953.08(G)(2) permits this Court to independently weigh the evidence in the record and substitute our own judgment for that of the trial court to determine a sentence which best reflects compliance with R.C. 2929.11 and R.C. 2929.12. *State v. Jones*, 2020-Ohio-6729, ¶ 42. Instead, we may only determine if the sentence is contrary to law.

{¶14}  A sentence is not clearly and convincingly contrary to law where the trial court "considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes post release control, and sentences the defendant within the permissible statutory range." *State v. Pettorini*, 2021-Ohio-1512, ¶¶ 14-16 (5th Dist.)

{¶15}  The trial court expressly stated it considered the principles and purposes of felony sentencing in R.C. §2929.11, as well as the seriousness and recidivism factors in R.C. §2929.12  The trial court explained it could not ignore the seriousness of the offense. The trial court further found community control was not mandatory and Appellant was not a candidate for community control, adding such would demean the seriousness of the offense.  The trial court concluded the prison term was consistent with the purposes and principles of felony sentencing. We further note Appellant's sentence was within the statutory range.

{¶16}  Based upon the foregoing, we find Appellant's sentence is not clearly and convincingly contrary to law.

{¶17} The judgment of the Ashland County Court of Common Pleas is affirmed.

{¶18} Costs to Appellant.


By: Hoffman, P.J.

Baldwin, J. and

Gormley, J. concur.